UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CLARENCE E. BALDWIN,<br><br>Plaintiff,<br><br>v.<br><br>JENNIFER GRANHOLM,<br>*Secretary of the U.S. Department of Energy,*<br><br>Defendant. | No. 21-cv-2646-ZMF |

**MEMORANDUM OPINION**

Federal Rule of Civil Procedure 60(a) holds that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice." Fed. R. Civ. P. 60(a). The rule "cannot be used to change the substance of an order or judgment." *Fanning v. George Jones Excavating, L.L.C.*, 312 F.R.D. 238, 239 (D.D.C. 2015). It may only "be used to make the judgment or record speak the truth." *Id.* (citing 11 Federal Practice & Procedure § 2854 (Charles Alan Wright & Arthur R. Miller eds., 3d ed. 2022)). The relevant inquiry is whether the change is "a clerical error, a copying or computational mistake," or whether it "affects [the] substantive rights of the parties and is therefore beyond the scope of [the rule.]" *Wells Fargo Bank, Nat'l Ass'n v. Akanan*, No. 17-cv-159, 2020 WL 10224857, at *2 (W.D. Pa. Sept. 29, 2020) (quoting *Pfizer Inc. v. Uprichard*, 422 F.3d 124, 130 (3d Cir. 2005)).

The March 31, 2023 Order erroneously contained a sentence stating that the order was "final" and "appealable." March 31, 2023 Order ("Order") 2, ECF No. 35; *see also* Def.'s Mot. Extension Time to Respond to Compl. 3, ECF No. 37. However, the Order and related

1

Memorandum Opinion stated that some of Plaintiff's claims may proceed. *See* Order at 1; March 31, 2023 Mem. Op. 20–21, ECF No. 36. Orders that preserve some claims but dismiss others are not final and appealable. *See Carmichael v. Blinken*, No. 22-5143, 2022 WL 3568058, at *1 (D.C. Cir. Aug. 11, 2022) (orders adjudicating fewer than all claims generally not final, appealable orders). Thus, the sentence in the March 31, 2023 Order stating that the Order was final and appealable was a clerical mistake. *See Qualls v. Fulwood*, No. 9-cv-311, 2010 WL 2813486, at *1 (D.D.C. July 8, 2010) (vacating an order due to clerical mistake).[1]

Removing the sentence stating that the March 31, 2023 Order was final and appealable "merely corrects a mistake that is apparent on the record that neither the Court nor the parties intended." *Wells Fargo Bank, Nat'l Ass'n*, 2020 WL 10224857, at *4. Because of this error, the Court VACATES the Order entered on March 31, 2023, and an Amended Order will be entered on this date.

Date: April 11, 2023

                                                             ZIA M. FARUQUI
                                                             UNITED STATES MAGISTRATE JUDGE

---

[1] Even if the Court intended to enter final judgments as to some of Plaintiff's claims, the Court may only do so "upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." *Blackman v. District of Columbia*, 456 F.3d 167, 174 (D.C. Cir. 2006) (citing Fed. R. Civ. P. 54(b)). The Court did not intend to make any such determination, and nothing in the rulings issued on March 31, 2023 indicates otherwise.